**UNITED STATES of America,**
**Appellee,**

v.

**Angel ARROYO, Giovanny Fernandez, Christopher Vargas–Vasquez, Facundo Aquino, and Jose Jimenez, Defendants,**

**Sylvio Hernandez, Defendant–Appellant.**

**No. 05–5738–cr.**

United States Court of Appeals, Second Circuit.

May 17, 2007.

Christine Meding, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee United States of America.

Donna R. Newman, New York, NY, for Defendant–Appellant Sylvio Hernandez.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Sylvio Hernandez appeals from a judgment of conviction entered on June 17, 2004 in the United States District Court for the Southern District of New York (Keenan, *J.*) following Hernandez's plea of guilty to one count of conspiring to distribute between one and three kilograms of heroin in violation of 21 U.S.C. § 841(b)(1)(A). On this appeal, Hernandez contests his guilty plea and his sentence, contending that the district court violated Rule 11 and the Sixth Amendment by determining drug quantity by a standard lower than beyond a reasonable doubt. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Hernandez's claims are complicated by the fact that three different district court judges presided over his case. On March 11, 2002, Hernandez pleaded guilty before the late Hon. Allen G. Schwartz, at which time the defendant explicitly allocuted, "I came to an agreement ... to distribute over a kilo of heroin but under three kilos." When he moved to withdraw his plea one month later, Judge Schwartz denied the motion and reaffirmed that Hernandez's plea was knowing, willing and voluntary, and did not violate Rule 11. Following the death of Judge Schwartz, the case was reassigned to the Hon. John S. Martin. Before Judge Martin, Hernandez continued to challenge the drug quantity admitted at the time of plea, though no longer seeking to withdraw his plea. On August 12, 2003, Judge Martin granted the defendant's request to hold a hearing pursuant to *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir.1978).[1] When Judge Martin retired from the bench, the case was reassigned to Judge Keenan, who conducted a *Fatico* hearing where it was determined, *inter alia*, that Hernandez was not credible in denying his involvement in the distribution of between one and three kilograms of heroin—the amount to which he had allocuted. On June 2, 2004, Judge Keenan sentenced Hernandez to 135 months' imprisonment, and that sentence was reaffirmed on June 1, 2005 pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

---

1. There is no basis in the record of defendant's claim that Judge Martin's grant of the motion for a *Fatico* hearing constituted a withdrawal of the defendant's guilty plea as to drug quantity. Indeed, Hernandez specifically disavowed any intention to vacate his guilty plea.

In *United States v. Gonzalez,* 420 F.3d 111 (2d Cir.2005), this court ruled that the statutory drug quantity under §§ 841(b)(1)(A) or (b)(1)(B) is an element of the offense and must be proved beyond a reasonable doubt to a jury or admitted to by the defendant. *Id.* at 120. Although Hernandez was not specifically advised of this burden at the time of his guilty plea, his allocution satisfactorily established the drug quantity specified in § 841(b)(1)(A). To the extent the district court independently found that drug quantity by a preponderance of the evidence at the *Fatico* hearing, such a judicial finding could not, by itself, support a § 841(b)(1)(A) conviction or sentence. However, defendant has not demonstrated that his allocution as to drug quantity at his plea hearing was invalid. Accordingly, the requirement in *Gonzalez* that drug quantity be proved to a jury *or admitted to by the defendant* is satisfied. *Id.*

In addition, we find that the district court properly sentenced Hernandez on the basis of the drug quantity to which he admitted. Hernandez's sentence of 135 months was triggered not by the statutory mandatory minimum of ten years, but by the guidelines range of 135–169 months. *See United States v. Vaughn,* 430 F.3d 518, 525 (2d Cir.2005) ("[J]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*" (quoting *United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005))). Likewise, because there was no error in the guidelines calculation at the initial sentencing, the district court did not err in adhering to the original sentence on remand. *See Crosby,* 397 F.3d at 113–15.

For the foregoing reasons, we AFFIRM the judgment of the district court.